UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NGA LE and<br>DANNY DON LE<br>    PLAINTIFF | CIVIL ACTION NO: 22-552 |
| | SECTION: |
| VERSUS | |
| | JUDGE |
| NATIONAL LIABILITY & FIRE<br>INSURANCE COMPANY,<br>NELSON WHOLESALE SERVICES, INC.<br>and ROBERT BASS<br>    DEFENDANTS | MAG. JUDGE |

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel come the plaintiffs, Nga Le and Danny Le, persons of the full age of majority, domiciled in the Parish of Orleans, State of Louisiana, and who with respect, aver the following:

I.

National Liability & Fire Insurance Company, named as a defendant herein, is a foreign insurer, domiciled in the state of Connecticut and licensed to do and doing business within the jurisdictional boundaries of the Eastern District, and is the insurer of co-defendants, Nelson Wholesale Service and Robert Bass, and is liable unto Plaintiffs for claims of the nature asserted herein.

II.

Nelson Wholesale Services, Inc., named as a defendant herein, is a foreign for-profit corporation, domiciled in the State of Texas, and was the owner of the 18-wheeler

1

described below, and employer of co-defendant, Robert Bass, and is liable unto Plaintiffs for claims of the nature asserted herein.

III.

Robert Bass, named as a defendant herein, is a person of the full age of majority, domiciled in the state of Mississippi, and who negligently caused the crash described herein, and is liable unto Plaintiffs for claims of the nature asserted herein.

IV.

Jurisdiction is properly before this Court as there is complete diversity between the parties, and Nga Le's claims exceed $75,000 in value. Danny Le's claims relate to his position as the owner of the vehicle driven by Nga Le in the collision and is properly joined pursuant to F.R.C.P. Rules 19 and 20. Venue is proper in the Eastern District as the collision occurred in St. Tammany Parish, Louisiana.

V.

On or about June 9, 2021, Nga Le was driving a 2003 Chevrolet Avalanche, owned by Danny Le, eastbound on the Interstate 10 "Twin Spans" in St. Tammany Parish in the far-right lane. At the same time, Defendant Bass was operating a commercial 18-wheeler owned by his employer, Nelson Wholesale Services, Inc. also heading eastbound on the Twin Spans, but in the middle lane. Suddenly and without warning, Defendant Bass changed lanes, entering Ms. Le's lane of travel, colliding with her front driver side, and dragging her vehicle by its bumper down the interstate. Defendant Bass was cited by LADPS Officer Lechler for violating La. R.S. 32:79, relative to improper lane change.

VI.

The crash was no way caused or contributed to by Plaintiffs, but upon information and belief, was due to the negligence and/or fault of of Defendant Bass in the following particulars:

    (a)    Operating a motor vehicle in a careless and reckless manner;

    (b)    Failing to maintain a proper lookout and/or be attentive to his surroundings;

    (c)    Failing to observe traffic conditions;

    (d)    Failing to ascertain if the lane change could be made safely prior to moving out of the middle lane;

    (e)    Failing to react as a reasonable man would have under the conditions and circumstances which were easily observable;

    (f)    Failing to take reasonable precautions to avoid the collision; and,

    (g)    Any other negligent acts of omission or commission which may be shown at the time of the trial of this matter.

VII.

At all times pertinent hereto, Nelson Wholesale Services, Inc. was the owner of the 18-wheeler operated by its employee, Defendant Bass, and upon information and belief, is guilty of negligence and/or fault in causing the subject crash, as detailed below:

    (a)    Negligently screening, hiring and retaining Defendant Bass as an employee/driver for the company;

(b) Failing to supervise Defendant Bass in the operation of the company's truck;

(c) Failing to properly train Defendant Bass in the operation of the company's truck;

(d) Allowing Defendant Bass to operate the company's truck in a reckless and careless manner;

(e) Entrusting its company truck to an unfit, unsafe, and/or incompetent permissive user; and,

(f) Any other negligent acts of omission or commission which may be shown at the time of the trial of this matter.

VIII.

Defendant, Nelson Wholesale Services, Inc. is liable until Nga La, for the negligent acts of Defendant Bass under the theory of *respondeat superior*, as Defendant Bass was acting as an agent, servant or employee of the Nelson Wholesale Services, Inc. and furthering the business interests of said defendant.

IX.

Plaintiffs aver that Nelson Wholesale Services, Inc., prior to the subject case, either knew or should have known that Defendant Bass was an unfit, unsafe, and/or incompetent driver.

X.

At all times pertinent hereto, National Liability & Fire Insurance Company was the liability insurer of Nelson Wholesale Services, Inc. and/or it's employee, Defendant Bass,

rendering National Liability & Fire Insurance Company liable jointly, severally and *in solido* with its insureds.

XI.

As a result of the crash described above, Nga Le sustained permanent and significant injuries, including herniated and bulging discs in her cervical spine, for which she has sought medical attention and treatment and has incurred several thousand dollars in medical expenses thus far. Nga Le continues to treat and has diagnostic testing and injection recommendations pending.

XII.

In accordance with Louisiana Civil Code Article 2315, et seq., the defendants are liable unto Nga Le for the damages she has sustained as a result of the negligence of Defendants, described above, namely:

    (a)    Past, present and future physical pain and suffering;

    (b)    Past, present and future mental pain and suffering;

    (c)    Past, present and future medical expenses;

    (d)    Past, present and future loss of enjoyment of life and/or mental anguish;

    (e)    Past, present and future lost wages and lost earning capacity; and,

    (f)    Property damage as to Danny Le.

XIII.

Plaintiffs additionally assert a bad faith claim against National Liability & Fire Insurance Company for failing to properly and timely adjust the related property damage claim pursuant to La. R.S. § 22:1892. National Liability & Fire refused to initiate a loss

adjustment of the Chevrolet Avalanche within fourteen days of the collision, despite multiple requests. In fact, the insurer has never initiated a loss adjustment, and has never made a written offer to settle the property damage claim. These actions and omissions were arbitrary, capricious and without probable cause. Consequently, the insurer is liable for penalties provided in La. R.S. § 22:1973 and La. R.S. § 22:1892.

**WHEREFORE,** for the above and foregoing reasons, the Plaintiffs request that the Defendants be served with a copy of this Complaint by summons, and that after all legal proceedings and due delays are had, there be judgment in favor of Nga Le and Danny Le, and against National Liability & Fire Insurance Company, Nelson Wholesale Services, Inc., and Robert Bass, individually, jointly, severally and *in solido*, in a sum sufficient to compensate Nga Le for the damages sustained as a result of the negligence of Defendants, namely: past, present and future physical pain and suffering; past, present and future mental pain and suffering and loss of enjoyment of life; past, present and future medical expenses; past, present and future lost wages and lost earning capacity; and property damage; together with bad faith damages from the insurer, and interest from date of judicial demand until paid and all costs of these proceedings. Plaintiffs further pray for all general and equitable relief.

Respectfully Submitted,

WALTZER WIYGUL & GARSIDE, LLC

*[signature]*

_____
CLAY GARSIDE (#29873)
CHERYL WILD-DONDE'VILLE (#28805)
14399 Chef Menteur Highway, Suite D
New Orleans, LA 70129
Telephone No.: (504) 254-4400
Facsimile No.: (504) 254-1112
clay@wwglaw.com; cheryl@wwglaw.com
Attorneys for Plaintiff